## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THOMAS MINAS,
an individual,

    Plaintiff,                                        Case No.:

v.

BUDDY'S NEWCO, LLC,
d/b/a BUDDY'S HOME FURNISHING
a foreign limited liability company,

    Defendant.

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, THOMAS MINAS (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, BUDDY'S NEWCO, LLC, d/b/a BUDDY'S HOME FURNISHING (hereinafter, "Defendant"). In support thereof, Plaintiff states:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367. Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202.

2. Venue in this District is proper because Defendant transacts business in this District and the conduct complained of occurred in this District.

3. At all material times herein, the conduct of Defendant, complained of below, occurs in Pasco County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Pasco County, Florida.

5. At all material times herein, Defendant is a limited liability company existing under the laws of the state of Delaware that regularly leases and sells furniture to consumers in Pasco County, Florida.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

7. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

8. At all material times herein, Defendant attempts to collect a debt, specifically amounts allegedly due and resulting from a consumer installment plan to finance a bedroom mattress and box-spring Plaintiff purchased from Defendant (hereinafter, the "Debt").

9. At all material times herein, the Debt is consumer debt, an obligation resulting from a transaction for goods or services and incurred primarily for personal, household or family use.

10. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(4); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

12. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13. Defendant waived all necessary conditions precedent to the filing of this action, or such conditions precedent and already occurred.

## FACTUAL ALLEGATIONS

14. At all material times herein, Defendant places telephone calls, as more specifically alleged below, to Plaintiff's cellular telephone number ending in -4734 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

15. Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number ending in -4734.

16. At no time herein does Defendant possess Plaintiff's prior express consent to place any calls or texts to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

17. Further, if Defendant contends it possessed Plaintiff's prior express consent, Plaintiff revoked such consent by demanding that Defendant cease calling Plaintiff's Cellular Telephone in an attempt to collect the Debt.

18. Additionally, if Defendant contends it placed the below-referenced phone calls for "informational purposes only," Defendant nevertheless lacked the required prior express written consent necessary to place such informational calls or texts to Plaintiff's Cellular Telephone using

an ATDS, a PTDS, or an APV.

19.     Further, at no time herein did Defendant possess Plaintiff's consent to call third-parties with respect to the Debt.

20.     In or about June 2015, Plaintiff entered into a "rent-to-own" retail installment payment plan (hereinafter, the "Purchase Agreement") for the purchase of a bedroom mattress and box-spring (hereinafter, the "Mattress Set").

21.     When Defendant delivered the Mattress Set to Plaintiff's residence, it was infested with bed bugs.

22.     In or about June 2015, Plaintiff called Defendant and advised Defendant of the Mattress Set bed bug infestation.

23.     During the immediately-aforementioned call, Plaintiff requested that Defendant remove the Mattress Set.  In response, Defendant advised that it could not and would not remove the Mattress Set.

24.     Notwithstanding, approximately five (5) days after Defendant delivered the Mattress Set, Defendant removed the Mattress Set from Plaintiff's residence.

25.     Plaintiff sustained over thirty (30) bed bug bites to his arms, legs, and hands from using the Mattress Set.

26.     During July 2015, Defendant placed calls and text messages to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

27.     Further, during July 2015, Defendant placed calls to unrelated third-parties, listed as Plaintiff's references in Plaintiff's credit application for financing, in an attempt to collect the Debt (hereinafter, "References").

28.     In July 2015, during one of Defendant's calls, Plaintiff spoke to Defendant and demanded that Defendant cease calling or texting Plaintiff's Cellular Telephone, and also

demanded that Defendant cease calling Plaintiff's References in an attempt to collect the Debt.

29. To the extent that Plaintiff ever provided consent for Defendant to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV, Plaintiff revoked such consent the moment he demanded that Defendant cease calling and texting Plaintiff's Cellular Telephone in an attempt to collect the Debt.

30. In August 2015, Plaintiff spoke to Defendant's store manager "Carlos"—and again demanded that Defendant cease calling or texting Plaintiff's Cellular Telephone, and again demanded that Defendant cease calling Plaintiff's References in an attempt to collect the Debt.

31. In September 2015, Plaintiff again spoke to Defendant and again demanded that Defendant cease calling or texting Plaintiff's Cellular Telephone, and again demanded that Defendant cease calling Plaintiff's References in an attempt to collect the Debt.

32. Further, in September 2015, Plaintiff replied via a text message to one of Defendant's text messages and advised, "STOP HARASSING ME."

33. Despite Plaintiff's repeated demands that Defendant cease calling or texting Plaintiff's Cellular Telephone, Defendant called and/or texted Plaintiff's Cellular Telephone *up to* three (3) times per day in July, August, and September 2015 using an ATDS, a PTDS, or an APV.

34. On or about September 19, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

35. The immediately-aforementioned text was sent from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

36. On or about September 20, 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

37. Defendant placed the immediately-aforementioned call from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

38. On or about September 20, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

39. Defendant placed the immediately-aforementioned text from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

40. On or about September 21, 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

41. Defendant placed the immediately-aforementioned call from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

42. On or about September 21, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

43. Defendant placed the immediately-aforementioned text from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

44. On or about September 22, 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

45. Defendant placed the immediately-aforementioned call from telephone number 727.544.3456 in an attempt to collect the Debt from Plaintiff.

46. On or about September 23, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

47. Defendant placed the immediately-aforementioned texts from telephone number 727.544.3456 in an attempt to collect the Debt from Plaintiff.

48. On or about September 23, 2015, Defendant called Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

49. Defendant placed the immediately-aforementioned calls from telephone numbers 727.544.3191 and 727.544.3674 in an attempt to collect the Debt from Plaintiff.

50. On or about September 25, 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

51. Defendant placed the immediately-aforementioned call from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

52. On or about September 25, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

53. Defendant placed the immediately-aforementioned text from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

54. On or about September 26, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

55. Defendant placed the immediately-aforementioned text from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

56. On or about September 28, 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

57. Defendant placed the immediately-aforementioned call from telephone number 727.544.3281 in an attempt to collect the Debt from Plaintiff.

58. On or about September 28, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

59. Defendant placed the immediately-aforementioned text from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

60. On or about September 29, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

61. Defendant placed the immediately-aforementioned text from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

62. On or about September 29, 2015, Defendant called Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

63. Defendant placed the immediately-aforementioned calls from telephone numbers 727.544.3191 and 727.544.3450 in an attempt to collect the Debt from Plaintiff.

64. On or about September 30, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

65. Defendant placed the immediately-aforementioned text from telephone number 727.544.1421 in an attempt to collect the Debt from Plaintiff.

66. On or about September 30, 2015, Defendant called Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

67. Defendant placed the immediately-aforementioned calls from telephone number 727.544.3674 in an attempt to collect the Debt from Plaintiff.

68. On or about September 31, 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

69. Defendant placed the immediately-aforementioned call from telephone number 727.544.3450 in an attempt to collect the Debt from Plaintiff.

70. On or about October 2, 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

71. Defendant placed the immediately-aforementioned call from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

72. On or about October 2, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

73. Defendant placed the immediately-aforementioned text from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

74. On or about October 3, 2015, Defendant texted Plaintiff's Cellular Telephone twice using an ATDS, a PTDS, or an APV.

75. Defendant placed the immediately-aforementioned text from telephone numbers 727.544.3191 and 727.544.1421 in an attempt to collect the Debt from Plaintiff.

76. On or about October 5, 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

77. Defendant placed the immediately-aforementioned call from telephone number 727.544.3450 in an attempt to collect the Debt from Plaintiff.

78. On or about October 5, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

79. Defendant placed the immediately-aforementioned text from telephone number 727.544.1421 in an attempt to collect the Debt from Plaintiff.

80. On or about October 6, 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

81. Defendant placed the immediately-aforementioned call from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

82. On or about October 6, 2015, Defendant texted Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

83. Defendant placed the immediately-aforementioned text from telephone number 727.544.1421 in an attempt to collect the Debt from Plaintiff.

84. On or about October 9, 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

85. Defendant placed the immediately-aforementioned call from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

86. On or about October 10, 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

87. Defendant placed the immediately-aforementioned call from telephone number 727.544.3191 in an attempt to collect the Debt from Plaintiff.

88. Due to both professional and personal commitments, as well as the continued and increasing stress associated with the barrage of direct Debt collection calls and texts, Plaintiff was not able to record the specifics (as done above) on each and every call and text Defendant placed to Plaintiff. Plaintiff asserts, however, that the above-referenced calls and texts are but a sub-set of the calls and texts placed in violation of the FCCPA and TCPA. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls and texts placed to Plaintiff.

89. Despite repeatedly demanding that Defendant cease calling and texting Plaintiff's Cellular Telephone, Defendant continues to attempt to collect the Debt directly from Plaintiff in repeated violations of the FCCPA and TCPA.

90. Defendant's conduct, as described above, constitutes knowing, willful, and continuing violation of Plaintiff's rights, as enumerated under Florida and federal law.

91. Given Defendant's conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection and privacy laws, Plaintiff does not possess an adequate remedy at law.

92. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that his repeated demands that Defendant cease calling and texting his Cellular Telephone are futile, that Plaintiff's return of the Mattress Set was wholly ineffective, and that the frequent, repeated direct debt collection attempts would simply have to be endured.

93. Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

94. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

95. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

96. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

97. As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment with respect to the Debt has been obtained by, or transferred to, Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(5)

Plaintiff re-alleges paragraphs one (1) through ninety-seven (97) as if fully restated herein and further states as follows:

98. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(5) by disclosing information affecting Plaintiff's reputation with knowledge or

reason to know that the other person does not have a legitimate need for the information or that the information is false.

99. Specifically, at no time herein did Defendant possess Plaintiff's consent to call Plaintiff's third-party References to collect the Debt.

100. Furthermore, at no time herein did Plaintiff's third-party References possess a legitimate need to know about the Debt or the collection thereof.

101. Despite lacking such consent, Defendant placed calls to Plaintiff's References in an attempt to collect the Debt throughout the months of July, August, September, and October 2015.

102. As such, Defendant disclosed information affecting Plaintiff's reputation despite possessing actual knowledge that Plaintiff's References did not possess a legitimate need for said information.

103. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through ninety-seven (97) as if fully restated herein and further states as follows:

104. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

105. Specifically, at no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's References, or to text or to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

106. To the extent that Defendant contends it possessed Plaintiff's prior express consent to call or text Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV, Plaintiff revoked such consent the moment Plaintiff first demanded—and again each time thereafter—that Defendant cease calling and texting Plaintiff's Cellular Telephone in an attempt to collect the Debt.

107. Despite lacking Plaintiff's prior express consent, Defendant called or texted Plaintiff's Cellular Telephone *up to* three (3) times per day throughout July, August, and September 2015.

108. Despite lacking Plaintiff's prior express consent, Defendant placed *at least* fifty (50) text messages and placed *at least* forty (40) calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in its attempts to collect the Debt.

109. Defendant's conduct intended to abuse and harass Plaintiff into paying the Debt by leading Plaintiff to believe that, despite Plaintiff returning the bed-bug infested Mattress Set, invoking his consumer rights, and demanding that Defendant cease calling Plaintiff's References and cease calling and texting Plaintiff's Cellular Telephone, Defendant could and would continue its direct unlawful collection attempts until the Debt was satisfied.

110. As such, Defendant's telephone calls and text messages to Plaintiff's Cellular Telephone constitute abusive and harassing conduct in violation of Florida Statutes, Section 559.72(7).

111. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

112. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT –**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through ninety-seven (97) as if fully restated herein and further states as follows:

113. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by willfully and knowingly using an ATDS, a PTDS, or an APV to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

114. At no time herein did Defendant possess Plaintiff's prior express consent to call or text Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

115. Further, if Defendant contends it did possess Plaintiff's prior express consent, Plaintiff revoked such consent the moment Plaintiff first demanded that Defendant cease calling and texting Plaintiff's Cellular Telephone.

116. Despite lacking Plaintiff's prior express consent, Defendant called or texted Plaintiff's Cellular Telephone *up to* three (3) times per day throughout July, August, and September 2015.

117. Despite lacking Plaintiff's prior express consent, Defendant sent *at least* fifty (50) text messages and placed *at least* forty (40) calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in its attempts to collect the Debt.

118. As prior express consent never existed, or as Plaintiff revoked prior express consent prior to Defendant placing calls to Plaintiff's Cellular Telephone, Defendant's calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

119. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

    a. The periodic loss of his Cellular Telephone service;

b. Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under his cellular phone service contract;

c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost; and

d. Stress and anxiety as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## COUNT FOUR:
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff re-alleges paragraphs one (1) through ninety-seven (97) as if fully restated herein and further states as follows:

120. Unless Defendant is immediately enjoined from continuing to collect the Debt from Plaintiff by calling and texting Plaintiff's Cellular Telephone using an ATDS, PTDS, or APV, Plaintiff will suffer irreparable injury.

121. Plaintiff possesses no adequate remedy at law.

122. Plaintiff possesses a clear legal right to the protections of the FCCPA and TCPA.

123. Despite Plaintiff repeatedly demanding that Defendant cease calling and texting Plaintiff's Cellular Telephone, Defendant continues such conduct in its attempts to collect the Debt.

124. Given Defendant's conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said laws, Plaintiff does not possess an adequate remedy at law.  Plaintiff needs and is entitled to injunctive relief.

125. The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests:

a. Judgment against Defendant declaring that Defendant violated the FCCPA and the TCPA;

b. Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c. Judgment for Plaintiff against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone call that violated the TCPA;

d. Judgment for Plaintiff against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

e. Judgment providing injunctive relief, prohibiting Defendant from further engaging in conduct that violates the FCCPA and the TCPA;

f. An award of attorneys' fees and costs;

g. Actual damages in an amount to be determined at trial;

h. Punitive damages in an amount to be determined at trial; and

i. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
**[X] Aaron M. Swift, Esq., FBN 093088**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF __Pasco__ )

Plaintiff THOMAS MINAS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
THOMAS MINAS

Subscribed and sworn to before me this 31st day of March 2016.

_____
Notary Public

My Commission Expires: 3/13/18   Proof of I.D.: FL Drivers License



FOTINE KAMBOUROMITIS
Notary Public - State of Florida
My Comm. Expires Mar 13, 2018
Commission # FF 101801